**Francis MCALEAVEY, Plaintiff–Appellant,**

v.

**James W. MCMAHON, Philip D. Oalden, and Leroy Ricksy, Defendants–Appellees.**

Docket No. 02–7361.

United States Court of Appeals, Second Circuit.

Feb. 6, 2003.

Francis J. Scahill, Picciano & Scahill, P.C., Garden City, New York (Sean W. Schaefer on the brief), for Appellant.

Oren L. Zeve, Assistant Solicitor General, New York, New York (Eliot Spitzer, Attorney General of the State of New York, Michael Belohlavek, Deputy Solicitor General, on the brief), for Appellee.

Present: JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Francis McAleavey appeals from a final judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), entered following a jury verdict, dismissing McAleavey's complaint which alleged excessive force by defendants State Trooper Phillip D. Oalden, former State Trooper LeRoy Ricksy, and Superintendent of New York State Police James W. McMahon, in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1986, etc. McAleavey challenges trial rulings that (1) allowed the defense to elicit from McAleavey his prior conviction for assault; (2) excluded evidence of a prior excessive force allegation brought against one defendant, and (3) excluded evidence of a defendant's termination from the state police for drug use.

We grant the district court broad discretion in regard to evidentiary rulings, and reverse only for abuse of that discretion. *See Silverstein v. Chase,* 260 F.3d 142, 145 (2d Cir.2001).

(1) Under Fed.R.Evid. 609, a witness's credibility may be attacked with evidence of a prior conviction punishable by imprisonment of more than one year if the conviction is not more than ten years old. *See* Fed.R.Evid. 609(a) & (b); *United States v. Hourihan,* 66 F.3d 458, 464 (2d Cir.1995). McAleavey's argument that his conviction is *almost* ten years old is frivolous. True, the district court calculated the age of the conviction from the date when McAleavey's parole was completed, rather than the date he was sentenced (the proper date if the sentence does not include imprisonment). *See* Fed.R.Evid. 609(b). However, the conviction was less than ten years old under either calculus.

Further, the district court did not abuse its discretion in finding the evidence admissible under Rule 403. Most of the

prejudice cited by McAleavey flows from the actions of his own counsel. Although counsel made a general objection during McAleavey's cross examination to an inquiry into McAleavey's "felony problems," counsel failed to object to a question regarding McAleavey's prior "assault"—and counsel himself elicited the most damaging testimony, regarding the circumstances of the assault, on redirect. Concerning the admission of the existence of a prior felony conviction, McAleavey had the burden of demonstrating that the conviction's probative value was substantially outweighed by its prejudice. *See* Fed.R.Evid. 403. The relevant circumstances include (1) when McAleavey committed the crime, (2) when he was sentenced, and (3) when he completed his parole, all of which the court knew. While the court overstated the significance of the third and understated the significance of the second for purposes of Rule 609's bright line rule, the ruling that the conviction was admissible under Rule 403 was easily within the bounds of the court's discretion.

(2) McAleavey argues that the evidence of defendant's past conduct was probative of a motive and intention to act "maliciously and sadistically for the very purpose of causing harm." Br. for Plaintiff at 17. This argument "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show the defendant's propensity to commit such acts." *See Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2d Cir.1991).

(3) The defendant's failure of a random drug test (seventeen months after the alleged use of excessive force) had no appreciable bearing on the issues before the jury. Exclusion of that evidence was well within the court's discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**